Kevin CARTER, Appellant,

v.

STATE of Missouri, Respondent.

No. 75042.

Missouri Court of Appeals, Eastern District, Division Five.

March 30, 1999.

Mark A. Grothoff, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Krista D. Boston, Asst. Atty. Gen., Jefferson City, for respondent.

KENT E. KAROHL, Judge.

Movant, Kevin Carter, appeals denial of Rule 29.15 post-conviction relief without an evidentiary hearing. Movant was charged with murder first degree and a related armed criminal action. He was also charged with assault first degree and a related armed criminal action. The jury acquitted Movant of the murder first degree and related armed criminal action charges. It found Movant guilty on the assault and related armed criminal action charges. The court sentenced Movant to serve concurrent terms of thirty years imprisonment for each conviction. We affirmed the sentences on direct appeal with an order opinion. *State v. Carter,* 949 S.W.2d 211 (Mo.App. E.D.1997). Movant filed a timely Rule 29.15 motion, which the court denied without an evidentiary hearing.

The state agrees Movant is entitled to an evidentiary hearing on allegations of ineffective assistance of counsel for failure to object to the submitted self-defense instruction on the assault first degree charge and for failure to offer a modified self-defense instruction which would have instructed the jury that they may consider whether Movant acted in self-defense from the acts of a third person who was not the victim of the assault. The state agrees that Movant's allegations on this issue are not refuted by the record. We have reviewed the record and agree with the state's conclusion but express no opinion regarding the merits. Accordingly, we reverse and remand for an evidentiary hearing on these allegations.

Movant also argues the court erred in denying an evidentiary hearing on allegations trial counsel failed to conduct a thorough investigation of his case. He contends a thorough investigation would have revealed two individuals initiated the shooting at Movant's home in an attempt to kill or injure him. For several reasons we reject this claim of error. First, Movant did not allege specific facts which would support his contention. He did not allege the identity of any witnesses or where they could have been found by additional investigation, or that such witnesses would be available and would testify, and, what testimony they may offer. The burden is on Movant to plead facts, not conclusions, establishing not only whom the witnesses were but what they would testify to, if called, and that such evidence would provide Movant a viable defense. *White v. State,* 939 S.W.2d 887, 896 (Mo. banc 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 365, 139 L.Ed.2d 284 (1997). He did not meet this burden.

Second, the trial court found the evidence Movant now seeks could have easily been considered as support for finding Movant was the initial aggressor; thus, adverse to his position. This finding is supported by the record and supports the conclusion that Movant may not have benefited from that evidence. In any event he was not prejudiced by any act or failure to act by trial counsel in this regard. The trial court's conclusions are not clearly erroneous. *State v. Phillips,* 940 S.W.2d 512, 521 (Mo. banc 1997); *State v. Parker,* 886 S.W.2d 908, 933 (Mo. banc 1994), *cert. denied,* 514 U.S. 1098, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995).

We reverse and remand for an evidentiary hearing only on the allegations of ineffective assistance of counsel relating to the self-defense instructions submitted with the assault charge.

ROBERT G. DOWD, Jr., C.J. and CHARLES B. BLACKMAR, Senior Judge, concur.